UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE L. WARD,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV 15-00595-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

Debbie L. Ward ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability and disability insurance benefits ("DIB") following an administrative law judge's ("ALJ") decision that Plaintiff had not been under a disability, as defined in the Social Security Act. Administrative Record ("AR") 35. For the reasons below, the Commissioner's decision is AFFIRMED.

/ / /

/ / /

/ / /

/ / /

## II.

## PROCEEDINGS BELOW

On December 12, 2011, Plaintiff filed an application for DIB, alleging disability beginning October 5, 2011 (her alleged onset date ("AOD")). AR 25. Plaintiff's claim was denied initially on June 29, 2012 and upon reconsideration on November 27, 2012. *Id.* On January 15, 2013, Plaintiff filed a written request for hearing, which occurred on June 25, 2013. *Id.* Represented by counsel, Plaintiff appeared and testified, as did an impartial medical expert ("ME") and an impartial vocational expert ("VE"). *Id.* On August 20, 2013, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act,[1] from the AOD, through the date of the decision. *Id.* at 35. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. *Id.* at 1-6. Plaintiff filed the instant case on April 15, 2015. Dkt. No. 1.

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled. 20 C.F.R. §§ 404.1520, 416.920; *see also Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the AOD. AR 27. At **step two**, the ALJ found that Plaintiff has the following severe impairments: disorder of the lumbar spine and internal left knee derangement. *Id.* The ALJ further found that Plaintiff did not suffer from a severe mental impairment. *Id.* At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id.* at 30 (citations omitted). At **step four**, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to:

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

> [P]erform less than the full range of sedentary work as defined in 20 CFR 404.1567(a). Specifically the claimant can lift and/or carry ten pounds occasionally, five pounds frequently; she can stand for two hours out of an eight-hour workday; she can sit for six hours out of an eight-hour workday; she can walk for one hour out of an eight-hour workday with the use of an assistive device; she can occasionally climb stairs, stoop, and kneel; and she is not to climb ladders, ropes or scaffolds, crouch or crawl.

*Id*. Based on the foregoing RFC, the ALJ determined that Plaintiff could perform her past relevant work "as a service representative and data entry clerk." *Id*. at 35. Accordingly, the ALJ did not proceed to **step five**, and instead found that Plaintiff has not been under a disability, as defined in the Social Security Act. *Id*.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record

as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotations omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see also Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV.

## DISCUSSION

Plaintiff argues that the ALJ erred in not finding a severe mental impairment at step two of the five-step sequential evaluation process. *See* Plaintiff's Motion for Summary Judgment ("Pl. Mot.") at 4-10, Dkt. No. 20. The Commissioner, in turn, argues that the ALJ's finding that Plaintiff's mental impairments were non-severe within the meaning of the Social Security Act is supported by substantial evidence. *See* Defendant's Motion for Summary Judgment ("Def. Mot.") at 2-6, Dkt. No. 22.

**A.** **Applicable Law**

    1. General Evaluation:  Severity of Impairments

At step two of the sequential evaluation process, the claimant has the burden of demonstrating a severe medically determinable physical or mental impairment that meets the duration requirement, or a combination of impairments that is severe and meets the duration requirement.[2] 20 C.F.R. § 404.1520(a)(4)(ii); 20 C.F.R.

---

[2] In order to satisfy the duration requirement, an impairment generally "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; 20 C.F.R. § 416.909; *see also Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987).

4

§ 416.920(a)(4)(ii); *Yuckert*, 482 U.S. at 146 n.5. Step two is a *de minimis* screening device used to dispose of groundless claims. *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

> [A claimant's] impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908.

The impairment or combination of impairments must "'significantly limit[] [a claimant's] physical or mental ability to do basic work activities.'" *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *see also Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). The ability to do basic work activities "mean[s] the abilities and aptitudes necessary to do most jobs[,]" and includes:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
>
> (2) Capacities for seeing, hearing, and speaking;
>
> (3) Understanding, carrying out, and remembering simple instructions;
>
> (4) Use of judgment;
>
> (5) Responding appropriately to supervision, co-workers, and usual work situations; and
>
> (6) Dealing with changes in a routine work setting.

20 C.F.R. § 404.1521(b); 20 C.F.R. § 416.

An impairment or combination of impairments may be found not severe *only if* the medical evidence clearly establishes a slight abnormality which has no more than a minimal effect on a person's ability to do work. *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005). When reviewing an ALJ's step two finding, the Court must determine whether the ALJ had substantial evidence to find that the claimant did not have a severe impairment or combination of impairments. *Id.* at 687.

2. Additional Evaluation: Severity of Mental Impairment

When a claimant alleges there is a mental impairment that prevents her from working, the Social Security Administration supplements the five-step sequential evaluation process with additional inquiries. *See Maier v. Comm'r of Soc. Sec. Admin.*, 154 F.3d 913, 914-15 (9th Cir. 1998) (per curiam) (citing 20 C.F.R. § 416.920a). First, the ALJ must evaluate a claimant's symptoms, signs and laboratory findings to determine whether the claimant has a medically determinable mental impairment. If such an impairment is found, the information that substantiates the presence of the impairment must be documented in the ALJ's decision. 20 C.F.R. § 416.920a(b)(1), (e)(4).

Next, the ALJ must rate the degree of the claimant's functional limitation resulting from the impairment in four broad functional areas and record it. *See* 20 C.F.R. § 416.920a(b)(2), (c)(3), (e)(4). The four areas are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace, and (4) episodes of decompensation. 20 C.F.R. § 416.920a(c)(3). The first three functional areas are to be rated on a five-point scale of: "none," "mild," "moderate," "marked," and "extreme." 20 C.F.R. § 416.920a(c)(4). The fourth area is to be rated on a four-point scale of: "none," "one or two," "three," and "four or more." *Id*.

After rating the degree of functional limitation resulting from a claimant's impairment, the ALJ must then determine the severity of the claimant's mental impairments. 20 C.F.R. § 416.920a(d). If the claimant's degree of limitation in the

first three functional areas is "none" or "mild" and "none" in the fourth area, the ALJ may generally conclude that a claimant's impairment is not severe unless evidence indicates that the claimant has more than a minimal limitation in her ability to do basic work activities. 20 C.F.R. § 416.920a(d)(1).

If a claimant's mental impairment is severe, the ALJ must determine whether it meets or is equivalent in severity to a listed mental disorder in 20 C.F.R. § 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.920a (d)(2). If a claimant's severe mental impairment neither meets nor is equivalent in severity to any listing, the ALJ is to assess the claimant's RFC. 20 C.F.R. § 416.920a(d)(3). The ALJ's decision must incorporate the pertinent findings and conclusions, must show the significant history and functional limitations that were considered when reaching his conclusion about the severity of a claimant's mental impairment, and must include a specific finding as to the degree of limitation in each of the described functional areas. 20 C.F.R. § 416.920a(e)(4).

**B.** **Analysis**

The ALJ found that Plaintiff's medically determinable mental impairment did not significantly limit her ability to perform basic work activities and, therefore, was not severe. (AR 30.) To support this determination, he reviewed the assessments of two mental health consultative examiners, K. Nguyen, M.D. and T. Athans, Ph.D., and assigned great weight to their opinions. (*Id.* at 28.) Thereafter, he also considered the broad functional areas in the disability regulations for evaluating the severity of mental disorders. (*Id.* at 29-30.)

1. November 27, 2009 Examination by Dr. Nguyen

Dr. Nguyen performed a complete psychiatric evaluation of Plaintiff on November 27, 2009. In her written evaluation of Plaintiff, Dr. Nguyen concluded that Plaintiff did not meet the "criteria for any psychiatric diagnosis" and observed that her mental status was "unremarkable." (*Id.* at 331.) Dr. Nguyen gave her opinion that Plaintiff was "able to perform her work-related duties and adapt to

7

commonplace stressors of a work environment, from a psychiatric standpoint." (*Id.*)

### 2. May 3, 2012 Examination by Dr. Athans

Plaintiff underwent a comprehensive psychological consultative examination with Dr. Athans. (AR 28.) Plaintiff was "coherent and organized" and was "alert and oriented to time, place, person, and purpose." (*Id.*) There was "no bizarre or psychotic thought content," and Plaintiff "denied any symptoms of depression" during the evaluation. (*Id.*) "She similarly denied any problems with concentration or memory. [Plaintiff] stated that she is sometimes anxious secondary to experiencing a fall at work where she has ruptured her discs in her back." (*Id.*) Dr. Athans diagnosed Plaintiff with adjustment disorder with anxiety. (*Id.*)

In his written evaluation, Dr. Athans concluded that Plaintiff's condition was fair from a psychiatric standpoint. (*Id.* at 385.) She then assessed Plaintiff in eight functional categories:

> (1) Able to understand, remember, and carry out <u>simple</u> one or two-step job instructions: Unimpaired.
>
> (2) Able to do detailed and <u>complex</u> instructions: Unimpaired.
>
> (3) Ability to relate and interact with co-workers and public: Unimpaired.
>
> (4) Ability to maintain concentration and attention, persistence and pace: Mildly impaired.
>
> (5) Ability to associate with day-to-day work activity, including attendance and safety: Mildly impaired.
>
> (6) Able to accept instructions from supervisor: Unimpaired.
>
> (7) Able to maintain regular attendance in the work place and perform work activities on a consistent basis: Moderately impaired.
>
> (8) Able to perform work activities without special or additional supervision: Mildly impaired.

(*Id.* at 385-86; emphasis in original.)

### 3. The ALJ's Review of Impairment Under Broad Functional Areas

In addition, pursuant to the regulations, after finding that Plaintiff had a medically determinable mental impairment (adjustment disorder with anxiety), the ALJ proceeded to evaluate the degree of Plaintiff's functional limitations under the special technique of the four broad functional areas described above. (*Id.* at 29-30; *see* 20 C.F.R. § 416.920a(c)(3).)

With respect to activities of daily living, the ALJ observed that Plaintiff "is capable of performing numerous adaptive activities independently, appropriately, effectively, and on a sustained basis despite her alleged mental impairment." (AR 29.) "Plaintiff reported being independent in bathing, dressing, grooming, oral care, toileting, eating, managing medication, and cooking." (*Id.*) In light of these facts, the ALJ determined that Plaintiff had no limitation in this functional area. (*Id.* at 29.)

Regarding social functioning, the ALJ remarked that Plaintiff "is still capable of maintaining interaction with individuals in a variety of situations independently, appropriately, effectively, and on a sustained basis." (*Id.*) Plaintiff reported that "she lives with family, takes her granddaughter on picnics or to the parks, she socializes with friends, her relationships with family and friends are excellent, and she chats with her family and friends and does therapy." (*Id.*) In light of these facts, the ALJ determined that Plaintiff had no limitation in this functional area.

Concerning concentration, persistence, or pace, the ALJ found that Plaintiff has a mild limitation because "she still has the ability to sustain focused attention and concentration sufficiently long enough to permit the timely and appropriate completion of tasks commonly found in work settings despite her alleged mental impairment." (*Id.*) Plaintiff reported "being independent in managing money," "handles her finances appropriately," "is able to go out alone, . . . can focus attention, . . . has no difficulty making her decisions." (*Id.*) Further, Plaintiff demonstrated no difficulties in concentrating during the administrative hearing; she

processed questions without difficulty and responded to questions appropriately and without delay. (*Id.*)  In light of these facts, the ALJ determined that Plaintiff had a mild limitation in this functional area.

Regarding the fourth area -- episodes of decompensation -- the ALJ found that Plaintiff had experienced no such episodes which have been of extended duration. (*Id.* at 29-30).  The ALJ observed, "[t]here is no indication showing any exacerbations or temporary increases in symptoms, no significant alteration in medications, or evidence showing a need for a more structured psychological support system." (*Id.* at 30.)

Based on these determinations, the ALJ concluded that Plaintiff's medically determinable mental impairments were nonsevere. (*Id.*)  *See* 20 C.F.R. 416.920a(d)(1) (stating "none" to "mild" findings in first three functional areas and a "none" finding in the fourth area warrants a determination of "nonsevere" impairment).[3]

Plaintiff argues that the ALJ's determination of a nonsevere mental impairment is erroneous because the ALJ impermissibly rejected Dr. Athans' opinion. (Pl. Mot. at 7.)  Plaintiff points to Dr. Athans' functional assessment that Plaintiff was "moderately impaired" in her ability to "maintain regular attendance in the work place and perform work activities on a consistent basis." (AR 386.) From this assessment of moderate impairment in this one functional area, Plaintiff contends that her mental impairment is severe. (Pl. Mot. at 7.)

In reaching this conclusion, Plaintiff erroneously equates Dr. Athans' finding of moderate impairment to a rating of a moderate functional limitation resulting

---

[3] Notably, at the June 25, 2013 administrative hearing, the Plaintiff and ALJ had the following exchange with respect to Plaintiff's mental health:
   Q.   Are you seeing a psychiatrist, or a psychologist at the present time?
   A.   No.
   Q.   Okay.  Any need to see someone like that?
   A.   No.

from the impairment. The Commissioner persuasively argues that the record is void of any evidence that Dr. Athans was applying the special "four broad functional areas" technique used in assessing whether a mental impairment is severe. (Def. Mot. at 5.) Indeed, the record points to the opposite conclusion. In his written evaluation of Plaintiff's functional assessment, Dr. Athans evaluated Plaintiff in eight distinct categories. (AR 385-86.) In evaluating the degree of Plaintiff's functional limitations, the ALJ had before him Dr. Athans' assessment that Plaintiff was "unimpaired" and "mildly impaired," as well as "moderately impaired," in categories that an ALJ reasonably would consider in determining Plaintiff's functional limitation with respect to "concentration, persistence, or pace." While Plaintiff suggests that Dr. Athans' single moderately-impaired assessment in one of eight evaluation categories requires a finding that her mental impairment is severe, this is not so. It is the ALJ's job to "consider all of the evidence at Step Two to determine whether a medically determinable impairment significantly limits the claimant's ability to perform basic work activities." *Cotton v. Astrue*, 374 F. App'x 769, 772 (9th Cir. 2010) (citing 20 C.F.R. § 404.1520(a), (c); *Yuckert*, 482 U.S. at 145.)

Based on the record before him, the ALJ concluded that Plaintiff had a mild limitation. Substantial medical evidence supports this conclusion. Dr. Athans deemed Plaintiff's condition as fair. Dr. Nguyen's earlier assessment that Plaintiff was able to perform her work-related duties and adapt to commonplace stressors of a work environment, from a psychiatric standpoint, was consistent with Dr. Athans' conclusion. This Court will not second-guess the ALJ's reasonable interpretation of the medical evidence in concluding that Plaintiff's mental impairment was not severe. *Gallardo v. Astrue*, 2008 WL 4183985, at *11 (E.D.Cal. Sept. 10, 2008) ("The role of this Court is not to second guess the ALJ and reevaluate the evidence, but rather it must determine whether the decision is supported by substantial evidence and free of legal error.)

11

Accordingly, the decision of the Commissioner is affirmed.

## V.
## CONCLUSION

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: November 23, 2015

                                        /s/ Rozella A. Oliver
                                        ROZELLA A. OLIVER
                                        UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**